United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2006**

Charles R. Fulbruge III
Clerk

REVISED JUNE 30, 2006

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-50400
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS GARZA, JR.,
also known as Jose Luis Garza,

Defendant-Appellant.

———————————
Appeals from the United States District Court
for the Western District of Texas
No. W-00-CR-94-2
———————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Garza, Jr., appeals his jury conviction of, and sentence for, possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1). He contends the evidence was insufficient to sustain the verdict. Specifically, he argues that the government's case rested solely on a single finger-

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

print found on one of the nine packages of cocaine seized on September 23, 2000, and on Homero DeLeon's incredible testimony. Garza further argues that he presented a plausible explanation as to how and why his fingerprint was found on the package of cocaine and, thus, the evidence gives equal or nearly equal circumstantial support to a theory of innocence.

Viewed in the light most favorable to the verdict, the evidence was sufficient to establish that Garza knowingly possessed with intent to distribute five kilograms or more of cocaine. Homero DeLeon testified that the 8.9 kilograms of cocaine seized from Ricardo DeLeon's van belonged to Garza, that the cocaine was stored in Garza's house, and that Garza packaged and loaded the cocaine into the van. Homero DeLeon's testimony was not incredible or factually insubstantial on its face and, further, was corroborated in part by the fact that Garza's fingerprint was found on one of the packages.

The jury's acquittal of Garza on the conspiracy count did not necessarily imply that the jury found Homero DeLeon incredible. See United States v. Pena, 949 F.2d 751, 755 (5th Cir. 1991); United States v. Scurlock, 52 F.3d 531, 537 (5th Cir. 1995). Moreover, although Garza provided an explanation as to how his fingerprint could have gotten on the package, the jury's decision to accept or reject this explanation was a credibility determination that we will not disturb. See United States v. Runyan, 290 F.3d 223, 240 (5th Cir. 2002).

Garza claims the district court erred in determining the quantity of drugs attributable to him as relevant conduct without making the particularized findings required by U.S.S.G. § 1B1.3. Specifically, he argues that the calculation in the presentence report was based solely on Homero DeLeon's disbelieved trial testimony and Ricardo DeLeon's incredible and uncorroborated statements to law enforcement officers before he absconded. Garza also avers that the district court failed to make particularized findings that he was part of a jointly undertaken criminal activity and that his co-defendants' acts were reasonably foreseeable.

Contrary to Garza's contention, the district court did not include third-party conduct in determining the quantity of drugs attributable to him as relevant conduct and, thus, it was not required to make findings regarding a jointly undertaken criminal activity. Further, although Garza argues that the relevant conduct offenses were based on Homero DeLeon's and Ricardo DeLeon's incredible and uncorroborated statements, Garza did not submit any rebuttal evidence to refute the information in the presentence report. Ricardo DeLeon's statements were corroborated in part by Homero DeLeon's statements to law enforcement officers and Homero DeLeon's testimony at trial. Therefore, the district court's determination of relevant conduct was plausible in light of the record read as a whole, and Garza has not demonstrated clear error.

Garza contends that the district court clearly erred when it increased his base offense level for possession of a dangerous

weapon under U.S.S.G. § 2D1.1(b)(1). The court's determination that it was not clearly improbable that the weapon seized from Ricardo DeLeon's vehicle was connected to the offense of conviction was plausible in light of the record read as a whole. Officer Hugh Curry testified that Garza was a passenger in the van in which 8.9 kilograms of cocaine and a .380 caliber handgun were found. Garza admitted at trial that he knew the weapon was in the van.

Further, it is not plainly improbable that the weapon was used to protect Garza's drug trafficking activities. See United States v. Westbrook, 119 F.3d 1176, 1193 (5th Cir. 1997) (observing that guns are "tools of the trade" for those engaged in the drug business). Therefore, the government established a sufficient temporal and spatial relationship among the weapon, the drug trafficking activity, and Garza, and thus the district court did not clearly err when it increased Garza's base offense level for possession of a dangerous weapon under § 2D1.1(b)(1). See United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993).

Garza argues that the district court violated his Sixth Amendment right to a jury trial when it enhanced his sentence based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt. Because Garza's objections to the presentence report did not sufficiently apprise the district court that he was raising a claim of constitutional error, his Sixth Amendment claim is not preserved, so our review is for plain error. See United

States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The district court erred when it sentenced Garza pursuant to a mandatory guidelines system based on its factual findings as to the drug-quantity calculation and dangerous-weapon enhancement. See United States v. Booker, 543 U.S. 220, 244 (2005); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). Garza has not demonstrated, however, that this plain error affected his substantial rights.

The record gives no indication that the district court would have reached a different result under an advisory guidelines system. Although the court sentenced Garza at the lowest end of the guideline range, it found no reason to depart from that range. See United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005). Given the lack of evidence indicating that the court would have reached a different conclusion, Garza has failed to establish plain error. See Mares, 402 F.3d at 520-22.

AFFIRMED.